BOUTALL, Judge,
concurring.
I concur that the judgment appealed should be reversed, but I cannot agree to the grounds upon which the majority would reverse it. It appears to me that the majority judgment holding that the allegations of the original petition constitute an answer to the reconventional demand is contrary to the provisions of our Code of Civil Proce *523 dure. Article 1035 provides that the answer in an incidental action shall be filed within the delay allowed by Article 1001 and shall be subject to all of the rules set forth in Articles 1001 and 1003 through 1006. This petition does not meet the requirements of answers specified in Articles 1003 and 1004.
The majority would amend the Code of Civil Procedure and create some new procedural advice. I cannot conclude that Article 1701 intends to say that a judgment by default may be entered when the defendant fails to answer an incidental demand, except when the principal demand may dispute the issues raised in the incidental demand. Under the foregoing judgment, presumably an astute petitioner may now word his petition to eliminate entirely the requirement of filing an answer to a recon-ventional demand. Although we have fact pleading, the pleadings must still be governed by orderly rules of procedure, and it does not appear to me that our Code of Civil Procedure permits us to add this type of pleading.
Nevertheless, I concur in result because of the other issue raised in the nullity action. I believe that the facts alleged would constitute sufficient grounds for nullity either under fraud or ill practice. It is apparent from the record of confirmation of default that the trial judge was concerned about plaintiff in reconvention’s entitlement to proceed, and elicited from the attorney (who was sworn as a witness) that he was proceeding because there was an agreement between the parties permitting plaintiff in reconvention to proceed. On this basis he rendered judgment in favor of plaintiff in reconvention.
In the action for nullity, the attorney reiterated that he proceeded on the basis of the information told him by his client. The client however, denied telling the attorney that there was such an agreement. It is clear that there is a direct conflict between the testimony of plaintiff in reconvention and his attorney. One or the other must be incorrect. I place no credibility on the testimony of Mr. Albrecht and conclude that the judgment was obtained by giving to his lawyer a false statement, and causing the court to render judgment based upon that statement. Albrecht, of course, was present at the time of the statement and made no effort to deny it or correct it. He now seeks to excuse the difference in testimony on the basis that he has a very poor memory. However, poor memory cannot explain or excuse his silence and inaction during the confirmation of default.